IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE EARL ROBINSON (TDCJ No. 341754), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1422-B-BN |
| STATE OF TEXAS, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Joe Earl Robinson, proceeding *pro se*, brings this civil action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), requesting the Court to order disclosure of the indictments, reporter's notes, and plea transcripts generated in connection with his 1982 convictions for aggravated rape, aggravated assault, and indecency with a child.

On April 18, 2014, Plaintiff tendered a complaint to the district clerk which was construed by the undersigned to seek the disclosure of certain records pursuant to FOIA and challenging the validity of his criminal convictions. *See* Dkt. Nos. 3 & 4. The undersigned ordered that the claims be severed. *See* Dkt. No. 4. Pursuant to the

Court's notice of deficiency and order, Plaintiff filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 5 & 6. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7.

In his complaint, Plaintiff requests that the Court instruct the Dallas County criminal district court to release the indictments, court reporter's notes, and sentencing transcripts for his 1982 convictions so that he may prepare a state habeas application under Texas Code of Criminal Procedure section 11.07. *See* Dkt. No. 3.

The undersigned now concludes that Plaintiff's lawsuit should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)    is frivolous or malicious;
>
> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A

-2-

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Plaintiff is not entitled to copies of the transcripts and records under the Freedom of Information Act because it applies to federal agencies, not state agencies. *See Wright v. Curry,* 122 F. App'x 724, 725 (5th Cir. 2004) (citing 5 U.S.C. § 552). The FOIA "applies only to 'records' maintained by 'agencies' within the executive branch

-3-

of the federal government." *Huckeba v. Greenville Police Dep't*, No. 3:05-cv-437-G, 2005 WL 1502063, at *1 (N.D. Tex. June 24, 2005), *rec. adopted*, 2005 WL 1837028 (N.D. Tex. July 29, 2005). Furthermore, Plaintiff "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Wright*, 122 F. App'x at 725 (quoting *Colbert v. Beto,* 439 F.2d 1130, 1131 (5th Cir. 1971)); *see also Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975). The Court lacks jurisdiction over a claim challenging the denial of state agency records. *See Davis v. Director of Dallas Cnty. Jail*, No. 3:02-cv-2363-D, 2003 WL 102617, at *2 (N.D. Tex. Jan. 8, 2003) (citing 5 U.S.C. § 552(a)). Accordingly, this lawsuit should be summarily dismissed.

## Recommendation

Plaintiff's lawsuit should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE